IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES | : | Criminal No. 25-460-03 (CH) |
| v. | : |  |
| NANCY RIOS-VALENTIN | : |  |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO MOTION FOR PRETRIAL DETENTION**

Nancy Rios-Valentin is a stay-at-home mother with four school-age children, one of whom is severely autistic and in diapers. She requests that she be released on strict conditions under 18 U.S.C. §3142 so that she may continue to care for them. Specifically, she requests that she be placed in home detention with electronic monitoring at the Philadelphia home of her sister. Counsel has provided information on this arrangement to Pretrial Services.

**I.  Ms. Rios-Valentin Should Be Released on Bond with Conditions.**

In this case, the statute creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." (18 U.S.C. § 3142(e)(3)). The presumption inquiry proceeds in two steps. At step 1, the Court must consider whether the defense has met the very low burden of production to rebut the presumption. As set forth below, Rios-Valentin has presented evidence that rebuts the presumption. At step 2, this Court must consider the presumption alongside all of the other section 3142(g) factors—even if the presumption has not been rebutted.

1

Release is warranted in this case because there are numerous facts under section 3142(g) that both rebut the presumption of detention and demonstrate that there are conditions of release that will reasonably assure both Rios-Valentin's appearance in court and the safety of the community.

As the Supreme Court held in *United States v. Salerno*, "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." 481 U.S. 739, 755 (1987). This presumption of release is encapsulated in the Bail Reform Act ("BRA"), 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, section 3142(b), except in certain narrow circumstances. Even if the Court determines under section 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further condition[s]" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. section 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

**II. The Statutory Presumption of Detention Should Be Viewed with Caution Because It Leads to High Rates of Detention for Low-Risk Defendants.**

Congress enacted the statutory presumption of detention in the BRA to detain "a small but identifiable group of particularly dangerous defendants." (S. REP. NO. 98-225 at 6.) Indeed, Congress intended the presumptions to operate primarily on "*major* drug traffickers." (S. REP. NO. 98-225 at 20)(emphasis added).

Congress emphasized that detention should be presumed only for these major drug traffickers, essentially drug kingpins. (S. REP. NO. 98-225, at 7 (emphasizing that it was only

for this "limited group of offenders that the courts [needed the] . . . power to deny release pending trial"). Congress considered at length arrestees' pretrial liberty interests and concluded that the constitutional concerns with pretrial detention required a narrowly tailored statute to secure community safety and appearance in court." (See S. REP. NO. 98-225 at 8-10). In 2017, the Judicial Conference's Committee on Criminal Law recently determined "that the section 3142(e) presumption was unnecessarily increasing detention rates of low-risk defendants, particularly in drug trafficking cases." (*Report of Proceedings of the Judicial Conference of the United States* at 10 (Sept. 12, 2017), archived at https://perma.cc/B7RG-5J78;  To address this problem, the Judicial Conference proposed significant legislative reform that would amend the presumption of detention in drug cases "to limit its application to defendants described therein whose criminal history suggests that they are at a higher risk of failing to appear or posing a danger to the community or another person." (*Id*.).

### III. Caselaw Emphasizes Two Checks That the BRA and the Constitution Impose on the Presumption of Detention.

There are two checks that the BRA and the Constitution impose on the presumption: (1) there is an easy-to-meet standard for rebutting the presumption and the prosecution bears the burden of persuasion, and (2) the presumption alone does not warrant detention and must always be weighed along with other factors in section 3142(g). *Id.* at 151 In addition, it is impermissible to detain a defendant in a presumption case based solely on evidence of past dangerousness, the nature of the crime charged, or the weight of the evidence.

### A. Step 1: The Presumption is Easily Rebutted.

Under the law, very little is required for a defendant to rebut the presumption of detention and therefore judges should find the presumption rebutted in most cases. To rebut the presumption, a defendant simply needs to produce "some evidence that he will not flee or endanger the community if released." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986); *see also United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990) ("[T]o rebut the presumption, the defendant must produce some evidence."); *United States v. Gamble*, No. 20-3009, 2020 U.S. App. LEXIS 11558 at *1–2 (D.C. Cir. Apr. 10, 2020) (holding that "[t]he district court erred in concluding that appellant failed to meet his burden of production to rebut the statutory presumption" regarding dangerousness because "appellant did 'offer some credible evidence contrary to the statutory presumption,'" including information that he had a job offer) (unpublished) (quoting *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985)).

This "burden of production is not a heavy one to meet." *Dominguez*, 783 F.2d at 707; *see also United States v. Wilks*, 15 F.4th 842, 846–47 (7th Cir. 2021) (explaining that the defense bears "a light burden of production" to rebut the presumption, "but the burden of persuasion always rests with the government"). Indeed, the presumption of detention is rebutted by "*[a]ny evidence* favorable to a defendant that comes within a category listed in section 3142(g) . . . including evidence of their marital, family and employment status, ties to and role in the community . . . and other types of evidence encompassed in section 3142(g)(3)." *Dominguez*, 783 F.2d at 707 (emphasis added); *Jessup*, 757 F.2d at 384. Any "evidence of economic and social stability" can rebut the presumption. *Dominguez*, 783 F.2d at 707.

Notably, a defendant's ties to the community—standing alone—definitively rebut the presumption: "Where the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, as did [this defendant], the presumption contained in section 3142(e) has been rebutted." *United States v. Jackson*, 845 F.2d 1262, 1266 (5th Cir. 1988). As long as a defendant "come[s] forward with some evidence" pursuant to section 3142(g), the presumption of flight risk and dangerousness is definitively rebutted. *Dominguez*, 783 F.2d at 707 ("Any evidence favorable to a defendant that comes within a category listed in section 3142(g) can affect the operation of one or both of the presumptions. . . . Once this burden of production is met, the presumption is 'rebutted.'" (quoting *Jessup*, 757 F.2d at 384)); *see also O'Brien*, 895 F.2d at 816 (finding presumption of flight risk rebutted by evidence of effectiveness of electronic monitoring ankle bracelet together with posting of defendant's home).[1] Importantly, the government bears the burden of *persuasion* at all times. *Dominguez*, 783 U.S. at 707; *Jessup*, 757 F.2d at 384; *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). In *Dominguez*, for example, the Seventh Circuit determined that the defendants had sufficiently rebutted the presumption of detention by introducing fairly minimal evidence about their employment and family ties. 783 F.2d at 707.

### B. Step 2: The Presumption Alone is Not Sufficient to Warrant Detention and Must Be Weighed Along with the Section 3142(g) Factors.

After the presumption is rebutted, the Court must weigh the presumption against all of the other evidence about the defendant's history and characteristics that tilts the scale in favor of

---

[1] To rebut the presumption of flight risk, for example, a defendant does not "have to *prove* that he would not flee—*i.e.*, he would [not] have to *persuade* the judicial officer on the point. [Instead], he would only have to introduce a certain amount of evidence contrary to the presumed fact." *Jessup*, 757 F.2d at 380–81; *accord Dominguez*, 783 F.2d at 707.

release. *See Dominguez*, 783 F.2d at 707("[T]he rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in section 3142(g)."); *Jessup*, 757 F.2d at 384 (holding that the judge should consider the rebutted presumption along with the section 3142(g) factors). The Court should not give the presumption undue weight if evidence relating to other section 3142(g) factors support release.

### C.  Forbidden Considerations in a Presumption Case

A judge may not detain a defendant in a presumption case based solely on (1) an unrebutted presumption alone, (2) evidence of the defendant's past dangerousness, or (3) the nature and seriousness of the crime charged, or (4) the weight of the evidence of the person's guilt.

First, the defendant never bears the burden of persuasion—even if the presumption is unrebutted. It is not incumbent on the defendant to persuade the judge that there exist conditions of release that will reasonably assure the safety of the community. That burden of persuasion lies with the government, the standard of which is always clear and convincing evidence. *Wilks*, 15 F.4th at 846–47 ("[T]he burden of persuasion always rests with the government and an unrebutted presumption is not, by itself, an adequate reason to order detention.").

Second, even if the presumption is not rebutted, a judge is prohibited from detaining a defendant "based on evidence that he has been a danger in the past[.]" *Dominguez*, 783 F.2d at 707. Instead, past dangerous conduct is relevant only to the extent that the government can prove—by clear and convincing evidence—that the defendant is "likely to continue to engage in criminal conduct undeterred [ ] by . . . release conditions." *Id.* Even when a defendant is charged

with a serious crime or has a significant criminal history, there may be release conditions that will reasonably assure the safety of the community.

Third, to rebut the presumption of dangerousness, a defendant need not "demonstrate that narcotics trafficking [or another serious crime] is not dangerous to the community." *Id.* at 706. Instead, this Court must analyze the defendant's individual characteristics under section 3142(g).

Fourth, the Court is forbidden from relying solely on the weight of the evidence of guilt to detain a defendant in a presumption case. A defendant is not required to "'rebut' the government's showing of probable cause to believe that he is guilty of the crimes charged." *Id.* This makes sense—a person's likelihood of guilt is analytically distinct from whether there are conditions of release that will reasonably assure the person's appearance or the safety of the community.

## IV. The Presumption of Detention Is Rebutted in This Case.

As detailed below, there is more than "some evidence that Rios-Valentin will not flee or endanger the community if released." *Dominguez*, 783 F.2d at 707. It is imperative that this Court follow the letter of the law by giving the presumption of detention the low weight to which it is assigned by case law. The defense has therefore rebutted the presumption in this case:

1. She has strong family ties. She is the mother of four school-age children, one of whom, Nomar, is age 10, severely autistic and still in diapers. He needs constant care. The government has moved to detain the children's father, a co-defendant.

2. She is 33, an American citizen born in Puerto Rico, who has lived in Philadelphia for 13 years. Several siblings reside in Philadelphia, the rest in Puerto Rico.

3. She was employed as a home health aide until about 18 months ago when she left work to care for her children, particularly Nomar.

4. She has no ability to flee. She has no ready cash, no assets and no possible way to move her children.

5. There is no evidence that Rios-Valentin has committed, threatened, or been involved with any violent act. The indictment appears to suggest that her alleged involvement with the DTO consisted of preparing schedules for workers and handling money.

6. She has no record of any criminal conviction, particularly for drug dealing or violence.

7. There is no suggestion she ever failed to appear for any court proceeding.

8. There is no evidence of drug addiction or alcohol abuse.

These facts definitively rebut the presumption of detention in this case.

**V.    Rios-Valentin Does Not Present a Serious Risk of Flight**

The standards for determining whether a defendant presents a "serious risk of flight" are not well developed. "[N]either the Supreme Court nor the Third Circuit Court of Appeals have outlined factors to consider in analyzing a serious risk of flight under § 3142(f)(2)(A)." *United States v. Hernandez-Us*, No. 25-45, 2025 U.S. Dist. LEXIS 55853, at *17 (W.D. Pa. Mar. 26, 2025).

One decision in which the difference between "serious risk of flight" in section 3142(f)(2)(A) and "risk of non-appearance" in section 3142(e) was analyzed is *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131 (D. Idaho 2023). *Id.* The *Hernandez-Us* court described *Figueroa-Alvarez's* conclusions as follows:

> …"a 'serious risk of flight' under § 3142(f)(2)(A) is a great risk - beyond average - that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceedings or supervision." Id. at 1138. The court then clarified that the Government must demonstrate serious risk of flight by a preponderance of the evidence to trigger a detention hearing under § 3142(f)(2)(A), id., which [*19] is consistent with controlling Third Circuit authority. See [*United States v.*] *Himler*, 797 F.2d [156] at 161

8

[3d Cir. 1986] (holding that the Government must prove risk of flight by a preponderance of the evidence) … "To do so, the Government must present 'concrete information' not 'mere conclusory allegations.'" Id. (citations omitted).

*Hernandez-Us,* at *18-19, *quoting* *Figueroa-Alvarez* at 1138. Finally, the *Hernandez-Us* court adopted the following "categories of factors" identified in *Figueroa-Alvarez* as being appropriate to consider in making the determination whether there is "serious risk of flight:" "(i) incentives to flee; (ii) ability to flee; (iii) ties to the jurisdiction and the United States; and (iv) reliability and trustworthiness of the defendant." *Hernandez-Us,* at *19, *quoting* *Figueroa-Alvarez* at 1140.

## VI. Rios-Valentin Does Not Present a Danger to the Community

Any claim by the government that the defendant presents a danger to the community must be proven by clear and convincing evidence. 18 U.SC. §3142(f); *United States v. Himler*, 792 F.2d 156, 160-61 (3d Cir. 1986).

The government may argue that Rios-Valentin's involvement with the Weymouth Street DTO proves that she is likely to be involved with CDS sales if released. However, in the words of the United States Attorney at a Friday press conference, the arrests of Rios-Valentin and her co-defendants "annihilated" that gang. There is no reason to believe – and certainly no clear and convincing evidence – that Rios-Valentin will associate with anyone to traffic in drugs if released.

## VII. Irrespective of the Presumption, Rios-Valentin Must Be Released Because There Are Conditions That Will Reasonably Assure Appearance and Safety.

Regardless of whether this Court finds that the presumption of detention is rebutted, Rios-Valentin must be released because there are conditions that will reasonably assure the safety of the community and Rios-Valentin's appearance in court. The presumption of detention,

on its own, is insufficient to justify detention. *Wilks*, 15 F.4th at 847 ("[A]n unrebutted presumption is not, by itself, an adequate reason to order detention."); *Jackson*, 845 F.2d at 1266 (concluding that if the presumption alone could justify detention, "there would be no need for Congress to have specified 'the weight of the evidence against the person' as a separate factor for the court to consider"). The BRA requires courts to weigh all the section 3142(g) factors in every case, even when the presumption has not been rebutted. *Wilks*, 15 F.4th at 847.

 A defendant cannot be detained "unless a finding is made that no release conditions '*will* reasonably assure . . . the safety of the community'" and the defendant's appearance in court. *Dominguez*, 783 F.2d at 707 (quoting section 3142(e)). Here, the government has not carried its high burden of proving by clear and convincing evidence that there are *no* release conditions that will reasonably assure the safety of the community. *See id.* at 708 n.8. The government also has not proved by a preponderance of the evidence that there are no conditions that would reasonably assure Rios-Valentin's appearance in court. Thus, Rios-Valentin cannot be detained.

 The following conditions of release under section 3142(c)(1)(B), and any other conditions the Court deems necessary, will reasonably assure Rios-Valentin's appearance in court and the safety of the community:

- Place her in strict, 24-hour home detention with electronic monitoring in her sister's home where she may reside with her children
- Follow restrictions on "personal associations, place of abode, or travel" (iv)
- Report on a "regular basis" to Pretrial Services (vi) and
- "*[A]ny other condition* that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." (xiv)(emphasis added)

Because there are conditions of release that will reasonably assure Rios-Valentin's appearance in court and the safety of the community, she should be released.

## V. Conclusion

For these reasons, defendant Nancy Rios-Valentin respectfully requests that this Court find that the presumption has been rebutted and release her with conditions.

Respectfully submitted,

*Edward F. Borden*

Edward F. Borden, Jr.